U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 1 2 2013

CLERK, U.S. DISTRICT COURT
By_____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SARA HOLPIN, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-507-A |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| COMPANY, AS TRUSTEE OF THE HOME | § | |
| EQUITY MORTGAGE LOAN ASSET- | § | |
| BACKED TRUST SERIES INABS | § | |
| 2005-D, HOME EQUITY MORTGAGE | § | |
| LOAN ASSET-BACKED CERTIFICATES, | § | |
| SERIES INABS 2005-D UNDER THE | § | |
| POOLING AND SERVICING AGREEMENT | § | |
| DATED DEC. 1, 2005, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter
jurisdiction over the above-captioned action.  Therefore, the
court is ordering the action remanded to the state court from
which it was removed.

I.

Background

Plaintiffs, Sara Holpin and Lennie Holpin, initiated this
action by filing their original petition and application for
temporary restraining order in the District Court of Tarrant
County, Texas, 96th Judicial District, naming as defendant

Deutsche Bank National Trust Company, as Trustee of the Home

Equity Mortgage Loan Asset-Backed Trust Series INABS 2005-D, Home

Equity Mortgage Loan Asset-Backed Certificates, Series INABS

2005-D Under the Pooling and Servicing Agreement Dated Dec. 1,

2005.  By notice of removal filed June 26, 2013, defendant

removed the action to this court, alleging that this court had

subject matter jurisdiction by reason of diversity of citizenship

and that the amount in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, as contemplated by 28

U.S.C. § 1332.

     No amount in controversy is found on the face of the

petition.  In the notice of removal, defendant alleged that

because plaintiffs requested injunctive relief, the amount in

controversy was the "value of the right to be protected or the

extent of the injury to be prevented."  Notice of Removal at 3

(citation omitted).  Defendant argued that if plaintiffs

successfully enjoined it from foreclosing on the property,

defendant would lose its interest in the property, which is

valued at $92,000.00.  Additionally, defendant argued that

plaintiffs' request for double or treble damages, actual and

compensatory damages, and attorney's fees, all exceeded the

$75,000.00 minimum.

Because of a concern that defendant had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the court ordered defendant to file an amended notice of removal, together with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount.  Defendant timely complied with the court's order.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[1]  Carpenter v. Wichita

---

[1]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

(continued...)

<u>Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365-66 (5th Cir. 1995).

Any doubts about whether removal jurisdiction is proper must

therefore be resolved against the exercise of federal

jurisdiction.  <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th

Cir. 2000).

To determine the amount in controversy, the court ordinarily

looks to the plaintiff's state court petition.  <u>Manguno</u>, 276 F.3d

at 723.  If it is not facially apparent from the petition that

the amount in controversy exceeds the required amount, the

removing party must set forth summary judgment-type evidence,

either in the notice of removal or in an affidavit, showing that

the amount in controversy is, more likely than not, greater than

$75,000.  <u>Id.</u>; <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335

(5th Cir. 1995).  The amount in controversy is measured from the

perspective of the plaintiff.  <u>See</u> <u>Garcia v. Koch Oil Co. of</u>

<u>Texas Inc.</u>, 351 F.3d 636, 640 n.4 (5th Cir. 2003).

---

(...continued)

     [A]ny civil action brought in a State court <u>of which the district courts of the United</u>
     <u>States have original jurisdiction,</u> may be removed by the defendant or the defendants, to
     the district court of the United States for the district and division embracing the place
     where such action is pending.

(emphasis added).

III.

## The True Nature of Plaintiffs' Claims

The petition by which plaintiffs initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented.  Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiffs make vague, general, and obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiffs used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiffs' claims.  Having done so, and having considered the authorities and arguments cited by defendant in the amended notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

In the amended notice of removal, defendant relies primarily

on plaintiffs' claim for common-law fraud to support its allegations as to the amount in controversy.  As argued by defendant in the amended notice of removal, the fraud claim is based on a contention in the petition that defendant wrongfully represented itself to be the proper entity to which plaintiffs should submit payments, and that the representation was made to obtain plaintiffs' mortgage payments and fees.

According to defendant, the proper measure of damages for fraud in this case would be out-of-pocket damages, which "computes the difference between the value paid and the value received."  Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc., 960 S.W.2d 41, 49 (Tex. 1998).  Here, defendant argues that the value paid would be the mortgage payments plaintiffs paid to defendant; however, by contending that defendant was not the proper party to receive the payments, plaintiffs have essentially alleged that they received no value. Plaintiffs have paid mortgage payments in the amount of $71,740.04, which defendant contends establishes a substantial portion of the amount in controversy; the remaining causes of action and request for attorney's fees, combined with the

$71,740.04, cause the amount in controversy to exceed $75,000.

In the petition, under the heading "Common Law Fraud," plaintiffs recite the elements of a cause of action for fraud: a material misrepresentation, that was false, that was known to be false at the time it was made, on which defendant intended plaintiffs to rely, and on which they actually relied to their detriment.  Id.  The petition then contends that

> [a] material misrepresentation was made as to the
> Defendant's ability and willingness to accept mortgage
> payments and to potentially modify the note.  Defendant
> has declared to be the proper entity to submit payments
> to and to enter into loan repayment agreements with.
> After unfulfilled requests to view the original
> Promissory Note, Defendant was not able to prove they
> are, in fact, the holder of the note.  Furthermore,
> Defendant has not produced the loan servicing agreement
> evidencing the right to collect notes on behalf of the
> note holder.  Defendant sent a proposed loan
> modification to Plaintiffs but still proceeded to post
> their Property and refused to pull such sale so that
> Plaintiffs could review, discuss, negotiate and/or
> accept such offer.  Said misrepresentations were made
> to obtain the Plaintiffs' fees and mortgage payments,
> and Defendant intended for Plaintiffs to rely on said
> representation in making these payments.  Plaintiffs
> did in fact rely on this promise.  Due to this
> reliance, Plaintiffs are financially injured.

Am. Notice of Removal, Ex. D-1, Pet. at 12-13 (paragraphs and paragraph numbers omitted, errors in original).  No facts are alleged in the petition, however, as would support plaintiffs' fraud claim.  For example, the petition fails to allege that

defendant made any material misrepresentations <u>to the plaintiffs</u>.
<u>Formosa Plastics</u>, 960 S.W.2d at 47.  Instead, plaintiffs appear
to allege that defendant failed or refused to communicate with
them at all concerning their mortgage payments, as plaintiffs
alleged that they "do not know how or when Defendant obtained the
right to collect their mortgage payments" and "did not receive
proper notice from any party that the note had been assigned" to
defendant.  <u>Id.</u>, Pet. at 8.  Similarly, plaintiffs alleged that
on multiple occasions they have attempted to communicate with
defendant about their mortgage loan, but have been unable to
speak to anyone with any authority on that subject.

The sum of the foregoing discussion is that the petition
fails to state a claim for common law fraud.  Consequently, the
fraud claim cannot serve as the basis for determining the amount
in controversy.  The remaining arguments in the amended notice of
removal are, at most, speculative, and also fail to establish the
amount in controversy.

To summarize, the court is convinced that there is no
legitimate dispute in this action over ownership to the property,
only plaintiffs' efforts to extend the time they can stay on the

property and delay the sale of the property through foreclosure. No information has been provided to the court that would enable the court to place a value on the interest plaintiffs seek to protect by this action.  Thus, defendant has not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED August 12 2013.

JOHN McBRYDE
United States District Judge

9